1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11  THOMAS G. CAMPBELL,           )   CV 11-9944 RSWL (JCx)
                                  )
12              Plaintiff,        )
                                  )   **STATEMENT OF**
13      v.                        )   **UNCONTROVERTED**
                                  )   **FACTS AND CONCLUSIONS**
14                                )   **OF LAW RE: United States**
    UNITED STATES OF AMERICA,     )   **of America's Motion for**
15                                )   **Summary Judgment [12]**
                                  )
16              Defendant.        )
                                  )
17  _____)
18
     After consideration of Defendant United States of
19
    America's Motion for Summary Judgment [12], this Court
20
    makes the following findings of fact and conclusions of
21
    law:
22
                        **UNCONTROVERTED FACTS**
23
        1.   Plaintiff is a retired firefighter.  Def.'s
24
    Stmt. of Uncontroverted Facts and Conclusions of Law
25
    ("SUF") ¶ 9.
26
        2.   In June of 1965, Plaintiff started working as a
27
    firefighter for the County of Los Angeles.  Id. ¶ 5.
28

                                   1

By June of 1985, Plaintiff had served 20 years a firefighter. Id. ¶ 6.

3. In 1989, he turned 50 years old. Id. ¶ 7.

4. He sustained back and hearing injuries related to his service as a firefighter. Id. ¶ 8. He then retired on January 11, 1995, with service-related disabilities, at the age of 55, after serving 29.5 years as a firefighter. Id. ¶¶ 9-11.

5. At the time he retired, he received an average compensation of approximately $78,492.36 per year, which is $6,541.03 per month. Id. ¶ 13.

6. Currently he receives service-connected disability retirement payments from the Los Angeles County Employment Retirement Association ("LACERA"). Id. ¶ 9.

7. For tax year 2007, LACERA reported gross distributions to Plaintiff of $81,701.04, of which $28,848.57 was reported as taxable. Id. ¶ 14. Plaintiff's tax return for 2007 reported pensions and annuities of $88,915, and a taxable amount of $35,837. Id. ¶ 17. The taxable amount consisted of $28,849 from LACERA and $6,988 from the State of California. Id. The Parties stipulated that the $6,988 amount was taxable income. Id. ¶ 19. The return reported $20,005 in taxable interest. Id. ¶ 15, Ex. 3. The return also reported social security benefits of $9,804, of which $8,333 was reported as taxable. Id. ¶ 17. The total taxable amount reported on the 2007 return from

1  pensions and social security was $44,170.  Id.
2      8.  For tax year 2008, LACERA reported gross
3  distributions to Plaintiff of $84,152.07, of which
4  $29,714.01 was reported as taxable.  Id. ¶ 25.
5  Plaintiff's tax return for 2008 reported pensions and
6  annuities of $91,511 and a taxable amount of $36,846.
7  Id. ¶ 28.  The pensions and annuities taxable amount of
8  $36,846 consisted of $29,714 from LACERA and $7,132
9  from the State of California.  Id.  The Parties
10 stipulated that the $7,132 amount from the State of
11 California was taxable income.  Id. ¶ 31.  The return
12 reported $15,587 in taxable interest.  Id. ¶ 26, Ex. 7.
13 The return also reported social security benefits of
14 $10,032, of which $8,527 was reported as taxable.  Id.
15 ¶ 28.  The total taxable amount reported on the 2008
16 return from pensions and social security was $45,373.
17 Id.

## CONCLUSIONS OF LAW

19    1.  Under 26 U.S.C. § 104,
20        Except in the case of amounts attributable to
21        (and not in excess of) deductions allowed under
22        section 213 (relating to medical, etc.,
23        expenses) for any prior taxable year, gross
24        income does not include--
25        (1) amounts received under workmen's
26        compensation acts as compensation for personal
27        injuries or sickness.
28 "However, section 104(a)(1) does not apply to a

3

retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness." 26 C.F.R. § 1.104-1(b). If an employee is eligible for either disability or service retirement benefits and the employee elects to receive the retirement pension because it is greater, the employee can still exclude the amount he would have received under disability from the gross income amount. Rev. Rul. 80-44.

    2. Los Angeles County firefighters are covered by the County Employees Retirement Law of 1937. <u>See</u> Cal. Gov. §§ 31450, 31470.4. A firefighter may retire and receive a service pension when (1) he reaches mandatory retirement age, which is 60 (Cal. Gov. Code § 31662.4), (2) reaches age 50 with 10 years of service, or (3) completes 20 years of service regardless of age. Cal. Gov. Code § 31663.25.

    3. The amount of the final service pension is based on the final salary, years of service, and the age the firefighter retired. Cal. Gov. Code § 31664.

    4. Under California Government Code § 31664, a firefighter who retires at age 55 with 29.5 years of service would receive 77.2841% of his final salary (1/50*1.3099*29.5 years of service).

    5. California Government Code section 31720 also entitles firefighters to a disability pension,

4

regardless of age, if the disability is the result of a service-related injury.  The amount of the service-connected disability pension is equal to half of the firefighter's final annual compensation. Cal. Gov. Code § 31727.4.  However, if a firefighter is eligible for both a service pension and a disability pension, and the amount of the pension would be greater than the disability pension, the firefighter receives the service pension amount in full.  Cal. Gov. Code § 31727.4

    6.  Because Plaintiff was eligible for both a disability pension and a service pension, he received the full service pension amount based on California Government Code § 31727.4.  The amount in excess of his guaranteed disability payment (that is, one half his final salary), is subject to tax.  Thus, Plaintiff is not entitled to a refund on the taxes he paid.

    7.  Eighty five percent of social security benefits are taxable if the total of one-half of the social security benefit plus the modified adjusted gross income is greater than $34,000 ($44,000 for taxpayers that are married filing jointly).  26 U.S.C. § 86.

///

8. Because his modified adjusted gross income in 2007 and 2008 exceeded $34,000, eighty five percent of Plaintiff's social security benefits was taxable. Thus, Plaintiff is not entitled to a refund on the taxes he paid on his social security.

**IT IS SO ORDERED.**

DATED: February 22, 2013

RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge